USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
YA II PN, LTD.,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　:　19-cv-11746 (JSR)
　　　　　　　　　　　　　　　　　　　　:
　　　　-v-　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
TARONIS TECHNOLOGIES, INC. and　　　　:　MEMORANDUM ORDER
TARONIS FUELS, INC.,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　　　　:
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

　　　　On December 23, 2019, the Court granted an ex parte motion of plaintiff YA II PN, Ltd. ("YA") to issue a temporary restraining order enjoining defendants Taronis Technologies, Inc. ("Taronis Tech") and Taronis Fuels, Inc. ("Taronis Fuels") from listing Taronis Fuels common stock on the OTCQB tier of the over-the-counter stock market of the OTC Markets Group Inc., or any other securities market. ECF No. 3; see also Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 4 ("YA Mem."). Furthermore, the order required defendants to show cause why a preliminary injunction should not issue "enjoining the defendants during the pendency of this action from proceeding with the listing of Taronis Fuels shares until Taronis Technologies (a) issues to YA 2,375,000 unrestricted shares of Taronis Fuels, (b) corrects the erroneous DTCC [Depository Trust

& Clearing Corporation] designation to reconcile the accounts of the seller and buyers of [Taronis Technologies] stock sold by YA, and (c) otherwise along with the DTCC takes corrective action as set forth in the motion." Id. Subsequently, defendants submitted an opposition brief, see Memorandum of Law of Defendants Taronis Technologies, Inc. and Taronis Fuels, Inc. in Opposition to Plaintiff's Motion for a Preliminary Injunction, ECF No. 17 ("Defs. Opp."), and the "show cause" hearing was held on January 3, 2020.

For the reasons set forth below, YA's motion for a preliminary injunction is hereby denied, and the temporary restraining order is hereby lifted effective immediately.

## Background

Except where otherwise noted, the following facts, taken from the parties' submissions, are essentially undisputed:

On June 24, 2019, the Board of Directors of Taronis Tech approved a plan to separate its gas and welding supply retail business by spinning off its subsidiary, Taronis Fuels. YA Mem. 3; Defs. Opp. 4. Pursuant to the spin-off, Taronis Tech shareholders were entitled to receive dividends of five shares of Taronis Fuels common stock for each share of Taronis Tech common stock they held as of the record date of November 29, 2019, with a distribution date of December 5, 2019. YA Mem. 3;

2

Defs. Opp. 4. Meanwhile, on December 2, 2019, pursuant to a Securities Settlement Agreement, Taronis Tech issued to YA 475,000 shares of Taronis Tech common stock in full payment of Taronis Tech's prior debt obligation to YA. YA Mem. 3; Defs. Opp. 4-5. Because YA received these 475,000 shares after the record date of November 29, these shares were not meant to include the dividend rights to receive Taronis Fuels shares. YA Mem. 4-5; Defs. Opp. 5-6.

Immediately after receiving the settlement shares, YA, on December 3, 2019, sold through its broker Lek Securities Corp. the entire 475,000 shares of Taronis Tech stock to numerous third-party purchasers. YA Mem. 4; Defs. Opp. 7. Contrary to the parties' expectation, a "due bill" designation[1] was attached to the Taronis Tech shares sold to these third-party purchasers as if these shares came with the dividend rights to receive Taronis Fuels shares. As a result, YA's brokerage account now reflects a short position of 2,375,000 shares of Taronis Fuels stock that YA is required to deliver to the third-party purchasers of the Taronis Tech shares from YA. YA Mem. 5; Defs. Opp. 7-8.

---

[1] A due bill designation documents a stock seller's obligation to deliver a pending dividend to the stock's buyer.

The parties dispute why the erroneous due bill designation was attached. YA argues that Taronis Tech failed to designate the shares issued to YA as "ex-dividend" common stock with DTCC, a clearing house for shares traded in the U.S. markets. YA Mem. 4-5. Relatedly, YA also alleges that Taronis Tech erroneously instructed its transfer agent to issue the new shares with the same CUSIP number as the one used for pre-record-date shares. Id. at 5. In contrast, defendants contend that Taronis Tech fully complied with its obligations under the Securities Settlement Agreement and that YA or its broker created the instant problem by selling the shares to the third parties without advising those third parties that the shares were not entitled to the previously announced share dividends. Defs. Opp. 1, 7-9.

On December 23, 2019, YA brought the instant action against defendants, claiming (1) negligence, (2) breach of contract (against Taronis Tech only), and (3) negligent misrepresentation. Complaint, ECF No. 1 ¶¶ 51-64.[2]

**Analysis**

---

[2] Currently, a Form 211 application is pending in front of the Financial Industry Regulatory Authority ("FINRA") for its authorization for quotation and listing of Taronis Fuels shares on the over-the-counter market. YA Mem. 1. Also, at the present moment, Taronis Fuels' shares have an unknown value, as they cannot be traded and are not listed on any exchange. Id.

4

A preliminary injunction is an extraordinary remedy that should not be issued unless the moving party can clearly establish the prerequisites. "A party seeking a preliminary injunction must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." Am. Civil Liberties Union v. Clapper, 804 F.3d 617, 622 (2d Cir. 2015).[3]

The Court is not persuaded that YA has shown a likelihood of success on the merits, as there is a genuine and material disagreement as to who is responsible for the underlying error involving the due bill designation. YA argues that it is the issuer, and only the issuer, who had the ability to instruct DTCC to designate a stock as "due bill," and therefore Taronis Tech is responsible for the incorrect designation of its shares issued to YA. YA Mem. 8. However, defendants raise a facially compelling argument that they did not have the ability nor authority to instruct DTCC as such, that YA approved Taronis Tech's instructions to its transfer agent, and that YA and its

---

[3] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

5

broker were negligent for selling the shares without the ex-dividend notification to the third-party purchasers. Defs. Opp. 14-16. Furthermore, although YA argues that Taronis Tech should have requested a new CUSIP number for the newly issued shares in order to differentiate them from the dividend-entitled shares, see YA Mem. 10-11, defendants respond with an equally plausible argument that corporations generally do not apply for a new CUSIP number when issuing additional shares of the same class even in a situation like the current one, see Defs. Opp. 16.

Resolution of the issue of who is responsible for the misdesignation at issue – lying at the heart of the instant action – therefore requires resolution of various factual disputes, with the outcome highly uncertain at this stage. Since, therefore, YA has failed to show a clear likelihood of success on the merits,[4] the motion for a preliminary injunction must be denied and the temporary restraining order lifted.[5]

---

[4] In addition, reading the complaint on its face, the Court is not convinced that the negligence and negligent misrepresentation claims are likely to be successful against Taronis Fuels, because, inter alia, Taronis Fuels itself was not a party to the Securities Settlement Agreement and there are no allegations attributing the conduct that caused the misdesignation to Taronis Fuels.

[5] The issue of whether YA has shown a likelihood of irreparable harm in the absence of preliminary relief is a close call that the Court need not resolve at this time. On the one hand,

6

**Conclusion**

For the foregoing reasons, YA's motion for a preliminary injunction is hereby denied, and the temporary restraining order entered against defendants on December 23, 2019, see ECF No. 3, is hereby lifted effective immediately. The parties should jointly prepare a case management plan in this Court's Form D that will have the case ready for trial by the end of June 2020. If the parties reach agreement on the plan, they should simply submit it to the Court for approval by no later than January 15, 2020. If they cannot reach agreement, they should jointly call

---

allowing Taronis Fuels to list its shares on the over the counter market would allow these shares to trade, thereby making it easier for YA to purchase these shares on the market and deliver them to relevant third parties. Alternatively, if YA is not able to obtain and deliver shares, they could settle their short positions by paying relevant third parties directly. Whether YA covers or compensates these third parties, the resulting injury would be quantifiable and compensable through monetary damages, which argues against issuing an injunction. See Brenntag Int'l Chemicals, Inc. v. Bank of India, 175 F.3d 245, 249 (2d. Cir. 1999) ("As a general matter, because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm."). On the other hand, if a preliminary injunction is not granted, YA's attempt to obtain 2,375,000 shares of Taronis Fuels stock on the market could possibly subject YA to a very large exposure. See YA Mem. 11. As YA stated during the hearing on January 3, 2020, YA's attempt as such might also "create a very artificial short squeeze in the market," thereby pushing up the stock price significantly. Transcript 1/3/2020, at 3-4. Resolution of all these genuine disputes remains for the future.

the Court by January 15, 2020, and the Court will resolve their differences.

SO ORDERED.

Dated: New York, NY
January 9, 2020

JED S. RAKOFF, U.S.D.J.