```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
YA II PN, LTD.,                     :
                                    :
              Plaintiff,            :       19-cv-11746 (JSR)
                                    :
         -v-                        :
                                    :
TARONIS TECHNOLOGIES, INC. and      :       MEMORANDUM ORDER
TARONIS FUELS, INC.,                :
                                    :
              Defendants.           :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On December 23, 2019, the Court granted an ex parte motion of plaintiff YA II PN, Ltd. ("YA") to issue a temporary restraining order enjoining defendants Taronis Technologies, Inc. ("Taronis Tech") and Taronis Fuels, Inc. ("Taronis Fuels") from listing Taronis Fuels common stock on the OTCQB tier of the over-the-counter stock market of the OTC Markets Group Inc., or any other securities market. ECF No. 3. On January 3, 2020, the Court held a "show cause" hearing and, on January 9, 2020, the Court denied YA's motion for a preliminary injunction and lifted the temporary restraining order. ECF No. 20.

The parties have subsequently reached a settlement with respect to all claims related to this action, where the settlement contemplates that Taronis Fuels would, upon this Court's approval, issue its shares to YA to cover YA's short positions. Accordingly, now before the Court is YA's consent

motion for approval of settlement and issuance of Taronis Fuels shares pursuant to 15 U.S.C. § 77c(a)(10). As required by the statute, a fairness hearing on this motion was held on January 24, 2020. For the reasons set forth below, the Court grants the motion.

**Background**

The following facts are reproduced from the Court's memorandum order dated January 9, 2020, see ECF No. 20, at 2-4, and are largely undisputed:

On June 24, 2019, the Board of Directors of Taronis Tech approved a plan to separate its gas and welding supply retail business by spinning off its subsidiary, Taronis Fuels. Pursuant to the spin-off, Taronis Tech shareholders were entitled to receive dividends of five shares of Taronis Fuels common stock for each share of Taronis Tech common stock they held as of the record date of November 29, 2019, with a distribution date of December 5, 2019. Meanwhile, on December 2, 2019, pursuant to a Securities Settlement Agreement, Taronis Tech issued to YA 475,000 shares of Taronis Tech common stock in full payment of Taronis Tech's prior debt obligation to YA. Because YA received these 475,000 shares after the record date of November 29, these shares were not meant to include the dividend rights to receive Taronis Fuels shares.

Immediately after receiving the settlement shares, YA, on December 3, 2019, sold through its broker Lek Securities Corp. the entire 475,000 shares of Taronis Tech stock to numerous third-party purchasers. Contrary to the parties' expectation, a "due bill" designation[1] was attached to the Taronis Tech shares sold to these third-party purchasers as if these shares came with the dividend rights to receive Taronis Fuels shares. As a result, YA's brokerage account now reflects a short position of 2,375,000 shares of Taronis Fuels stock that YA is required to deliver to the third-party purchasers of the Taronis Tech shares from YA.

The instant action arose from the dispute over which party was responsible for the erroneous due bill designation. On December 23, 2019, YA filed a three-count complaint against defendants, claiming (1) negligence, (2) breach of contract (against Taronis Tech only), and (3) negligent misrepresentation. Complaint, ECF No. 1 ¶¶ 51-64. On December 23, 2019, the Court issued a temporary restraining order as discussed above. ECF No. 3. On January 9, 2020, the Court denied YA's motion for a preliminary injunction and the temporary restraining order was lifted. ECF No. 20.

---

[1] A due bill designation documents a stock seller's obligation to deliver a pending dividend to the stock's buyer.

The parties have since reached a settlement to resolve all claims related to this action. The instant motion seeks the Court's findings pursuant to 15 U.S.C. § 77c(a)(10) that: (1) the terms and conditions of the settlement is fair, (2) the terms and conditions of Taronis Fuels' issuance of 2,375,000 shares to YA is fair, and (3) YA may resell the shares without registration and can thereby immediately cover its current short position. ECF No. 26. Defendants consent to this motion. See Memorandum of Law in Support of Motion for Approval of Settlement and Issuance of Shares Pursuant to 15 U.S.C. § 77c(a)(10), ECF No. 27 ("Mem."), at 1.

## Analysis

Generally, public companies are not permitted to issue their stock -- and shareholders receiving those shares are not permitted to immediately resell them into public markets -- without first filing a registration statement. See 15 U.S.C. §§ 77e(c), 77d(a)(1). However, Section 3(a)(10) of the Securities Act of 1933 provides an exemption from such general rule:

> any security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests [is exempt from application of this subchapter] where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court . . . .

4

15 U.S.C. § 77c(a)(10).[2] That is, the statutory prerequisites for an issuer claiming a Section 3(a)(10) exemption, as relevant here, are:

> (i) exchange for outstanding securities, claims or property interests;
> (ii) a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities shall have the right to appear; and
> (iii) a finding of fairness and approval by a court.

Id.

Under the terms of the Settlement Agreement, effective January 15, 2020 (the "Settlement Agreement"), Taronis Fuels will issue 2,375,000 freely tradeable unrestricted shares of its stock to YA, subject to the Court's approval, in exchange for mutual releases of all claims and YA's execution of a stipulation of dismissal of this action with prejudice; and no cash will be exchanged as part of the settlement. Mem. 3. The Court finds that the Settlement Agreement satisfies all of the requirements identified above.

First, YA, the only contemplated recipient of the Taronis Fuels shares, currently holds outstanding claims against defendants. Second, the Court held a fairness hearing on January

---

[2] This exemption falls "entirely within the purview of the long-established court system," rather than the Securities and Exchange Commission. Chapel Investments, Inc. v. Cherubim Interests, Inc., 177 F. Supp. 3d 981, 987 (N.D. Tex. 2016).

24, 2020, at which both sides appeared and had an opportunity to be heard.

The third requirement is satisfied as well.[3] Some courts have focused on procedural fairness by looking at: "(1) the recommendations of counsel; (2) the scope of the discovery record as an indicator of the adequacy of the investigation into the facts; (3) the apparent alternatives to the settlement; (4) the nature and volume of responses from those receiving notice of the hearing; and (5) the opportunity for direct participation in the process of obtaining full disclosure." Sec. & Exch. Comm'n v. Blinder Robinson & Co., 511 F. Supp. 799, 801 (D. Colo. 1981).[4] Other courts have looked at, in addition to those procedural factors, (6) "a consideration of the value of the settlement compared to the possible results of litigation"

---

[3] A fairness hearing is a "functional equivalent" of the full disclosure of the information believed to be necessary to YA's making of informed investment decisions required under the Securities Act. Sec. & Exch. Comm'n v. Blinder Robinson & Co., 511 F. Supp. 799, 802 (D. Colo. 1981); Oceana Capitol Group Limited v. Red Giant Entertainment, Inc., No. 3:15-cv-428 (MMD) (WGC), 2015 WL 9239767, at *4 (D. Nev. 2015) (referencing Sec. & Exch. Comm'n v. Ralston Purina Co., 346 U.S. 119, 124 (1953)). Here, YA is "a sophisticated investor, not in need of the protections afforded by registration." Ackerberg v. Johnson, 892 F.2d 1328, 1337 (8th Cir. 1989).

[4] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Cont'l Assur. Co. v. Macleod-Stedman, Inc., 694 F. Supp. 449, 468 (N.D. Ill. 1988). The Court turns to each of these six factors.

As related to the first factor, YA states that "the settlement represents a negotiated agreement between sophisticated commercial parties represented by competent counsel. . . . Both Plaintiff and Defendants have been advised of and fully understand the benefits of the contemplated exchange." Mem. 7. While the parties have failed to provide any information on the negotiating history, on whether the final terms of the settlement were a product of arms-length bargaining, and on counsel's prior experience in securities settlement matters, the Court finds that this omission is not serious enough to outweigh other factors in favor of granting the motion.

The second factor also does not favor granting the motion because discovery has not started; yet this concern is outweighed by the third factor: the alternative to the settlement is litigating this case, where YA bears litigation risks. Indeed, the Court recognized in its prior holding that the likelihood of YA's success on the merits was indeterminable at this early stage. ECF No. 21, at 6. The fourth and fifth factors likewise favor granting the motion, as YA is the only

7

contemplated recipient of the shares at issue, and YA participated at the hearing.

The last "value" factor also favors granting the motion. Issuing 2,375,000 shares of Taronis Fuels stock to YA would make YA fully whole as if the underlying erroneous designation never occurred; indeed, this was part of the remedy that YA sought in its motion for a preliminary injunction (i.e., a request for Taronis Fuels shares to be not listed on the OTC market until, inter alia, 2,375,000 shares are issued to YA).

Accordingly, the Court finds that the statutory prerequisites for a Section 3(a)(10) exemption are satisfied,[5] and hereby grants the motion. The Clerk is directed to enter final judgment dismissing the complaint and closing the case.

SO ORDERED.

Dated: New York, NY
January 24 2020

JED S. RAKOFF, U.S.D.J.

---

[5] Because the Court approves the exchange as fair, the shares can be resold immediately as "unrestricted and freely tradeable exempted securities pursuant to Section 3(a)(10)" In re Tripath Tech., Inc., Sec. Litig., No.C-04-4681 (SBA), 2006 WL 1009228, at *2 (N.D. Cal. Apr. 18, 2006). "Reselling the freely tradeable shares acquired in a court approved Section 3(a)(10) exchange does not make the person receiving the shares a dealer that would be required to register." Oceana Capitol, 2015 WL 9239767, at *5.